(No. 34569.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE JAMES WALKER, Plaintiff in Error.

*Opinion filed March 20, 1958.*

ROBERT H. RICE, of East St. Louis, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN J. HOBAN, State's Attorney, of Belleville, (FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This case comes here on a writ of error to the circuit court of St. Clair County by Willie James Walker, defendant. He was indicted September 17, 1956, for rape, tried by a jury and found guilty, and sentenced to the Illinois State Penitentiary for a term of five years.

It appears from the evidence that on November 20, 1955, the prosecutrix left her home at nine in the evening to go to her mother's home, one block away. As she passed an open place, a man grabbed her and pulled her into some weeds, about 10 to 20 feet from the street, and forcibly had intercourse with her.

The prosecutrix testified that the man told her to shut up, and then attacked her. She resisted with all her power. She said he did not remove her clothing but merely pulled them apart. After about fifteen minutes Marvin Lewis came along, and the prosecutrix said she told him she was being raped, that her attacker jumped up and asked her about his two dollars. She testified that the weeds where the attack occurred were from three or four feet to over her head in height. She swore out a warrant and then went to Barnes Hospital and was examined. She identified the defendant as her attacker.

The State called Marvin Lewis as a court's witness, claiming surprise at his inability to identify the accused. He stated he left a tavern and walked in the dark to a place where the weeds were high and there turned off the street

into a path. As he walked through he heard prosecutrix call his name and saw her get up off the ground and run to him. He saw a man but could not see his features. He described the man as weighing 170 to 180 pounds and as having bushy hair, but was unable to say the accused was or was not the man.

The defendant denied the rape, and stated that the first time he ever saw the prosecutrix was in the courtroom. He testified he was in jail in 1955 for raping a woman, held two days and then released. He was again arrested in September, 1956.

From the judgment of conviction and sentence the defendant prosecutes his writ of error to this court contending that (1) he was not tried within four months from the time of his commitment and should be discharged, (2) his conviction was against the manifest weight of the evidence, and (3) that the trial court erred in admitting evidence of a distinct, substantive offense.

It appears from the record in this cause that the defendant was arrested and committed to jail, accused of the rape of the prosecutrix, on September 9, 1956. He was not admitted to bail, and was first brought to trial on January 22, 1957. The day of trial was thus more than four months subsequent to the commitment of the defendant.

Section 18 of division XIII of the Criminal Code provides, "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at a later day in which case the court may continue the cause for not

more than sixty (60) days." Ill. Rev. Stat. 1955, chap. 38, par. 748.

It further appears from the record that on the ninth day of October, 1956, the cause was continued at the request of the defendant. After conviction the defendant moved for a new trial, assigning as reasons therefor that he was not tried within four months of commitment and that the verdict was contrary to the manifest weight of the evidence.

The defendant contends that the continuance was at the request of the prosecution, and that the minutes constitute a clerical mistake. The defendant, in support of his position, relies on matters *de hors* the record. He presented and preserved no evidence to impeach the court record, other than his own statement that he never requested, nor directed his attorney to request, a continuance. If the defendant, on a motion for discharge under the four months rule, relies upon facts *de hors* the record, such facts must be preserved in the record. (*People* v. *Lindner,* 262 Ill. 223; *People* v. *Tamborski,* 415 Ill. 466.) The record is thus conclusive in this regard, and shows the continuance was upon defendant's application, and that defendant waived his right to trial within four months of his commitment. (*People* v. *Hartman,* 408 Ill. 133.) Moreover, defendant failed to raise this question until after his conviction. The right to trial within four months of commitment can be waived, and is waived where the defendant fails to raise the question prior to conviction. *People* v. *Morris,* 3 Ill.2d 437.

Defendant urges that the verdict of the jury is contrary to the manifest weight of the evidence, in that the evidence is inconsistent with the elements of an involuntary act of intercourse. The defendant develops his arguments of lack of corroboration and inconsistency with an involuntary act of intercourse by failure to abstract pertinent

parts of the record. A complete review of the record in this cause refutes defendant's contentions. The rape is corroborated by the witness, Marvin Lewis, who came upon the scene, and the prosecutrix's calling of the constables.

The witness, Marvin Lewis, was properly called as an adverse witness when the People claimed surprise at his testimony of inability to identify the defendant. His complete testimony is not inconsistent with rape. His observations corroborate the intercourse, and the place it occurred. He merely stated he did not notice prosecutrix's clothing, and that he could not say that defendant was or was not the man. He did say prosecutrix got up and ran to him.

From our review of all of the evidence in this case we cannot say that the verdict is contrary to the evidence. Moreover, this court will not substitute its judgment for that of the jury that heard and saw the witnesses, and it cannot be said from the evidence that there is a reasonable doubt of defendant's guilt. (*People* v. *Davis,* 10 Ill.2d 430.) The alleged inconsistencies upon which defendant relies are not sufficient to justify reversal. *People* v. *Hiller,* 7 Ill.2d 465.

Defendant complains that the testimony of the arresting officer was prejudicial in that the commission of another crime by the defendant was mentioned, and that the inflections and accent used by the prosecuting attorney in questioning the officer were prejudicial. On direct examination the arresting officer was asked what conversation he had with the defendant with reference to "this" case. The defense attorney objected to the accent on "this," which objection was sustained. The direct examination of the officer of which the defendant complains was as follows:

"Q. State what conversation you had with him with reference to this case.

Mr. Rice: Object to the use of the expression 'of this case' with the accent on 'this.'

The Court: Sustained.

Q. State what you told him.

A. I told him that I was arresting him on a rape charge pertaining to Lavern Fleming.

The Defendant Willie James Walker: You picked me up before that.

State's Attorney: When was that?

A. I picked him up on another rape charge, and . . .

State's Attorney: That's enough, even though that came from the words of the defendant, I move to disclaim that and ask that the jury be instructed to disregard it.

The Court: The jury will disregard that."

It is impossible to preserve an "accent" in a written brief, but, inasmuch as the trial judge promptly and correctly sustained the defendant's objection, in our opinion no prejudicial error resulted.

As to the remaining references to the commission of another offense by defendant, the references thereto were prompted solely by defendant, and only after he himself had interjected the matter into the case by his impromptu remark during the direct examination of the arresting officer. Moreover, the prosecuting attorney himself interrupted an unsolicited answer alluding to a previous rape charge, and moved the court to instruct the jury to disregard it, and the court promptly complied. The defendant cannot complain of prejudice possibly resulting from a situation which he created by his own action and remarks during the course of the trial.

Having reviewed the record and considered fully all of the issues raised by the defendant, we find no merit therein warranting reversal. The judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*