THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE GIBSON, Defendant-Appellant.

(No. 74-114;

Second District (1st Division)—August 5, 1975.

Ralph Ruebner and Mary McCormick, both of State Appellate Defender's Office, of Elgin, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Following a bench trial, the defendant was convicted of burglary and misdemeanor theft, and was, on the burglary conviction, sentenced to 5 to 15 years' imprisonment. On appeal, he contends (1) that he was entitled to his discharge under the Illinois speedy trial provision; (2) that he was denied the effective assistance of counsel by the failure of defense counsel to present a motion for such a discharge; and (3) that, even though he was sentenced only on the burglary conviction and not on the theft conviction, the latter should be set aside because both charges were based on the same course of conduct.

We disagree on his first and second contentions but agree with his third. We therefore affirm the judgment as entered on the burglary conviction, but reverse and vacate the conviction for misdemeanor theft.

On March 26, 1973, the defendant was served with an arrest warrant and complaint, alleging that he had committed the offense of burglary on February 28, 1973, in that he knowingly without authority entered the apartment of Bruce Johnson in Hinsdale, Illinois, with the intent to commit therein a theft. On this charge, the defendant was granted a personal recognizance bond on April 27, 1973. On July 26, 1973, the defendant was indicted for the offenses of burglary and theft arising from the incident on February 28, 1973.

Meanwhile, the defendant was charged with several other unrelated offenses. The record fails to establish when these unrelated charges were brought against the defendant. Nor does the record establish whether

the defendant was denied bail on all of these charges. However, the defendant asserted at a pretrial hearing that he had been incarcerated since March 1, 1973. Also in this interim, the defendant was incarcerated awaiting resentencing on a 1972 felony theft conviction, which had been appealed and affirmed as modified. (See *People v. Gibson* (1973), 11 Ill. App.3d 875, 297 N.E.2d 31.) On July 24, 1973, the defendant was resentenced on the 1972 felony theft conviction pursuant to this court's opinion.

On August 2, 1973, the defendant was arraigned on the indictment charging burglary and theft and the public defender was appointed to represent the defendant. At this hearing, the public defender requested a substitution of judges, which was granted. On August 15, 1973, defense counsel was granted a continuance to August 28, 1973.

At the proceedings on Augsut 28, 1973, defense counsel informed the court that the defendant claimed to have been incarcerated on other charges since March, 1973, and made a demand for trial on the charges of burglary and theft arising from the incident on February 28, 1973, for which the defendant had been granted bail. Pursuant to this demand for trial, the case was set for trial to commence on October 15, 1973. No objection was made to the setting of the case for trial, and no motion for a discharge under the Illinois speedy trial provision (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) was presented.

On October 15, 1973, the date assigned for trial, the defendant presented a motion to dismiss his court-appointed counsel and requested the appointment of new counsel. The defendant asserted, in essence, that he believed there was a lack of communication between defense counsel and himself. A full inquiry, during which many misunderstandings of the defendant were apparently alleviated, was conducted. Because of the untimeliness of defendant's motion presented on the day trial was to commence and the indication that personal conflict between counsel and defendant was minimal, the court denied the defendant's motion to dismiss court-appointed counsel.

On the following day, the defendant presented a written motion requesting another substitution of judges, which the court denied. In response to the court's inquiry concerning why this motion had not been made earlier, the defendant stated, "I didn't expect this one to go to trial." Next the defendant presented written notification to the court, whereby he ordered his appointed counsel to refrain from taking any action on his behalf and to "remain mute" throughout the trial. It was agreed that the defendant's appointed counsel remain with the defendant throughout the trial to advise him.

After all the evidence had been presented, the court found the de-

fendant guilty of burglary and misdemeanor theft as charged in the indictment, and entered judgment accordingly. A post-trial motion was filed, which alleged that the defendant was denied his right to counsel, but failed to assert that the defendant was denied a speedy trial, although this issue was argued at the hearing on the post-trial motion. This motion was denied, and subsequently, the court sentenced the defendant to a term of 5 to 15 years' imprisonment on the burglary conviction to run concurrently with the sentence on the 1972 felony theft conviction. No sentence was imposed on the misdemeanor theft conviction.

The defendant contends that he was entitled to discharge under the Illinois speedy trial provision (Ill. Rev. Stat. 1973, ch. 38, par. 103—5). The defendant asserts that although he was granted a personal recognizance bond on this charge, he was in fact incarcerated for other unrelated charges. Thus, the defendant contends that he was denied a speedy trial since he was not brought to trial within 120 days from March 26, 1973, the date he was served with the complaint and arrest warrant for this charge.

■■ It is well established that a motion for discharge asserting a denial of a speedy trial must be made *before* conviction in the court in which the indictment is pending. (*People v. Browry* (1972), 8 Ill.App.3d 599, 602, 290 N.E.2d 650, 653; *People v. Kuczynski* (1965), 33 Ill.2d 412, 413, 211 N.E.2d 687; *People v. Reader* (1962), 26 Ill.2d 210, 214, 186 N.E.2d 298; *People v. Stahl* (1962), 26 Ill.2d 403, 404, 405, 186 N.E.2d 349; *People v. Walker* (1958), 13 Ill.2d 232, 235, 148 N.E.2d 754; *People v. House* (1957), 10 Ill.2d 556, 558, 141 N.E.2d 12; *People v. Brame* (1955), 6 Ill.2d 412, 413, 128 N.E.2d 911; *People v. Morris* (1954), 3 Ill.2d 437, 442, 121 N.E.2d 810; *People v. Sweeney* (1951), 409 Ill. 223, 225, 99 N.E.2d 143.) In the case at bar, no motion for a discharge under the Illinois speedy trial provision was presented before conviction. It was not until after the court had entered judgment upon its finding of guilty that the issue was raised during oral argument on the post-trial motion. In *People v. Walker* (1958), 13 Ill.2d 232, 235, 148 N.E.2d 754, wherein a motion for discharge under the speedy trial provision was made for the first time in a post-trial motion, the court stated that the right to a speedy trial can be waived and is waived where the defendant fails to raise the question prior to conviction. Thus, in the case at bar, the defendant waived his right to raise this claim.

Moreover, section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—1) provides:

> "(a) Upon the written motion of the defendant made *prior to trial* before or after a plea has been entered the court may dis-

miss the indictment, information or complaint upon any of the following grounds:

(1) The defendant has not been placed on trial in compliance with Section 103—5 of this Code;

\* \* \*

(b) The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor, except as to subsections (a) (6) and (a) (8) of this Section, *are waived.*" (Emphasis added.)

Under this statute, the defendant waived any possible claim to a dismissal for failure to comply with section 103—5 by not filing a motion prior to trial.

■■ The defendant next contends that the failure of court-appointed defense counsel to move for a discharge under the speedy trial statute constituted a denial of effective assistance of counsel. In support of this contention the defendant cites *People v. Morris* (1954), 3 Ill.2d 437, 121 N.E.2d 810, wherein the court found that the defendant had been denied the effective assistance of counsel. In *Morris,* the court reviewed the entire record which disclosed that the public defender not only failed to move for a discharge under the speedy trial provision despite his knowledge that the defendant was incarcerated for the particular charge in excess of 4 months, but also failed to adequately prepare the case for trial. Regarding the defense counsel's failure to timely move for a discharge, the court stated:

"Assuredly, a competent attorney might, due to his concentration of efforts or otherwise, overlook the statute's applicability to a particular factual situation or be mistaken regarding said application. However, where the omission is coupled with meagre preparation and scant attention to the case, as shown here by the attorney's own testimony at the hearing, such failure can not be written off as a mere error in judgment. (3 Ill.2d 437, 452, 453.)

Thus, court-appointed counsel's failure to move for a discharge is not per se the denial of the effective assistance of counsel. Rather, in *Morris,* the court considered other factors, which when coupled with the failure to move for a discharge resulted in the denial of the defendant's right to the assistance of counsel.

In the case at bar, the record establishes that defense counsel had indeed prepared for trial in presenting motions for discovery, requesting a bill of particulars, pursuing plea negotiations, and frequently com-

municating with the defendant. Furthermore, at the hearing on defendant's motion requesting the appointment of new counsel, the trial court, after a full inquiry, concluded that defense counsel was competent and would fairly represent the defendant. Unlike the situation in *Morris*, the record in the case at bar does not indicate meagre preparation and scant attention to the case by defense counsel.

Moreover, in *Morris*, the law was clear that if a motion for discharge had been timely made, it should have been granted. In the case at bar, we cannot conclude that the defendant would have been discharged if such a motion had been made before conviction. The record discloses that the defendant was granted a personal recognizance bond on this charge on April 27, 1973; that a demand for trial on this charge was made on August 28, 1973; and that trial commenced within 160 days after this demand in accordance with section 103—5(b) (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b)). During the interval between March 26, 1973, and the day trial on this charge commenced, other unrelated charges were brought against the defendant, and he was resentenced and began serving that sentence pursuant to this court's opinion affirming as modified a 1972 felony-theft conviction. The record fails to disclose when the unrelated charges were brought against the defendant, whether he was granted bail on any or all of these other unrelated charges, and whether he was brought to trial on any charge between March 26, 1973, and the date trial on this charge commenced. Based upon this record, we cannot conclude that a motion for discharge under the Illinois speedy trial statute would have been granted, if made. Consequently, defense counsel's failure to move for a discharge, where it is not clear that the defendant was denied a speedy trial, did not deprive the defendant of the effective assistance of counsel. See *People v. Browry* (1972), 8 Ill. App.3d 599, 603, 290 N.E.2d 650, 653, 654.

The final contention of the defendant is that the misdemeanor theft conviction must be reversed and vacated since the offenses of theft and burglary were based on the same course of conduct. The trial court, aware that the burglary and theft convictions were based on the same course of conduct, imposed sentence only on the conviction for the greater offense of burglary. The defendant argues that although no sentence was imposed on the misdemeanor theft conviction, the conviction itself may operate to his prejudice. *People v. Lilly* (1974), 56 Ill.2d 493, 495, 309 N.E.2d 1, 2.

■■ Whether the defendant's conviction for misdemeanor theft should be vacated depends on whether the objective, purpose, or motivation of the defendant remained unchanged throughout his course of conduct. (See *People v. Williams* (1975), 60 Ill.2d 1, 14, 322 N.E.2d 819.) In the

case at bar, the defendant entered the victim's apartment for the purpose of committing theft. During the defendant's course of conduct, there was no deviation from this purpose, motivation, or objective. Under these circumstances, although burglary and theft involve different elements of proof, there can be but one conviction. *People v. Lilly* (1974), 56 Ill.2d 493, 309 N.E.2d 1; *People v. Williams* (1975), 60 Ill.2d 1, 322 N.E.2d 819; *People v. Stevenson* (1969), 107 Ill.App.2d 441, 449, 246 N.E.2d 309.

We conclude that, although no sentence was imposed on the conviction for misdemeanor theft, this conviction must be and is hereby reversed and vacated. The judgment entered on the conviction for the greater offense of burglary is affirmed.

Affirmed in part, reversed in part.

SEIDENFELD, P. J., and GUILD, J., concur.