THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS DeCARLIS, Defendant-Appellant.

Second District    No. 79-341

Opinion filed September 19, 1980.

Mary Robinson and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, and Phyllis J. Perko, Gary J. Anderson and Denise M. Paul, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Thomas DeCarlis, appeals his conviction and sentence for attempt (armed robbery). The central issue on this appeal is whether the defendant was denied effective assistance of counsel when his privately retained attorney made no motion for discharge under the Illinois speedy trial act (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b)), and failed to object to the introduction of allegedly immaterial evidence.

■■ The general rule in Illinois is that a conviction will be reversed due to

incompetence of privately retained counsel only where the representation is of such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or a sham. (*People v. Murphy* (1978), 72 Ill. 2d 421, 436; *People v. Brinson* (1980), 80 Ill. App. 3d 388, 394. See generally *People v. Morris* (1954), 3 Ill. 2d 437, 444-49.) Defendant urges this court to abandon the "farce or mockery" standard and adopt the Seventh Circuit's rule that counsel's performance must meet a "minimum level of professional representation." (See *United States ex rel. Williams v. Twomey* (7th Cir. 1975), 510 F.2d 634, 640-41, *cert. denied sub nom. Sielaff v. Williams* (1975), 423 U.S. 876, 46 L. Ed. 2d 109, 96 S. Ct. 148.) As recently as 1978, the Illinois Supreme Court declined to adopt the Seventh Circuit's rule; we, therefore, continue to apply the strict test embodied in the general rule set forth above until otherwise changed or modified by the supreme court.

■■ The right to discharge under the speedy trial act (Ill. Rev. Stat. 1977, ch. 38, par. 103—5) is waived unless a motion for discharge is made prior to conviction. (*People v. Gibson* (1975), 30 Ill. App. 3d 555, 558.) Defendant's first and most persuasive claim of ineffective assistance of counsel is based upon the failure of his attorney to present a timely motion for discharge under the act. Defendant contends that more than 160 days elapsed between the date of the demand (March 28, 1978) and trial (January 10, 1979), that he therefore was entitled to discharge under section 103—5(b), and that his counsel should have made an appropriate motion.

Defendant cites *People v. Morris* (1954), 3 Ill. 2d 437, in support of his first claim of ineffective representation. In that case, however, the supreme court considered the actions of a court-appointed attorney, not a privately retained one. As to any incompetency of a privately retained attorney, the court stated "[w]here the defendant selects his own attorney the court has held, almost without exception, that the failure of such counsel to exercise care and skill in the trial of the case does not afford a basis for reversing a judgment of conviction. [Citations.]" (3 Ill. 2d 437, 444.) After a thorough review of the record, the court, in *Morris*, did find that the court-appointed counsel in that case was incompetent; the record disclosed that the public defender not only failed to move for a discharge under the speedy trial act, despite his knowledge that the defendant was incarcerated in excess of four months, but also failed to adequately prepare the case for trial.

In the present case, an examination of the record reveals that there is considerable question as to whether the defendant would have been entitled to a discharge under the Illinois speedy trial act even if his counsel had made a timely motion. Defendant made his one and only demand for a speedy trial on March 28, 1978, three days before he was released on bail. Thereafter, he was free on bail until his conviction. On May 11, 1978, he was arraigned and his trial date set for July 10, 1978. After he had been admitted to bail, he failed to renew his speedy trial demand. On July 7, 1978,

defendant was given leave, until July 11, to file a motion to sever his case from that of a co-defendant. On July 11, defendant filed a written motion for severance and the motion was set for hearing on August 17, 1978. Without objection, on August 17, the motion was continued, argument to be heard on October 16, 1978. Thereafter, on the court's motion due to a change in the court's schedule, the October 16 date was vacated and the cause reset for October 26, 1978. Again, on motion of the court due to a change in the court's schedule, the matter was reset for November 28, 1978. On November 28, the motion for severance was heard and granted, and the case was set for trial on January 8, 1979. Finally, the court, being otherwise engaged, continued the case until January 10, 1979, when the trial commenced.

The defendant made his only demand for speedy trial when he was in custody. There is authority which holds that such is not the demand for speedy trial that would enable him to invoke the discharge provision of section 103—5(b); to trigger the running of the 160-day provision of section 103—5(b), the defendant must be a "person on bail" when the demand for trial is made. *People v. Byrn* (1971), 3 Ill. App. 3d 362, 364; contra, *People v. Arch* (1975), 33 Ill. App. 3d 331, 333.

The State urges that the defendant would not have been entitled to discharge under section 103—5(b) in any event. Both parties agree that 100 days of the term elapsed between the demand for speedy trial and the defendant's motion to sever and that 43 days elapsed between the court's decision on the motion to sever and the commencement of trial. The parties disagree as to who is responsible for the 145-day period which elapsed between the date defendant made his motion to sever and the date upon which the court announced its decision on the motion. The State argues that the entire period is a delay attributable to the defendant and therefore should be omitted in computing the term time. (*People v. Ortiz* (1979), 70 Ill. App. 3d 684, 686.) Under the State's theory, the trial began on the 143d day of the term. Defendant contends that he is responsible for only 113 of the 145-day period because 32 days resulted from continuances on the court's own motion due to a change in the court's schedule. According to defendant's position, trial therefore began 175 days from the date of demand rather than 143.

A delay is considered "occasioned by the defendant" if his acts have caused or contributed to actual delay (*People v. Donalson* (1976), 64 Ill. 2d 536, 541) or where he has expressly agreed to a continuance on the record (*People v. Cichanski* (1980), 81 Ill. App. 3d 619, 622, quoting *People v. Cunningham* (1979), 77 Ill. App. 3d 949, 952). When a defendant files a pretrial motion, he is responsible for the time naturally associated with processing the motion. (*E.g., People v. Ortiz* (1979), 70 Ill. App. 3d 684, 686 (motion to change venue); *People v. Donalson* (1976), 64 Ill. 2d 536, 541-42

(motion to suppress).) This includes the time reasonably necessary to allow the State to respond (See *Donalson*, 64 Ill. 2d 536, 541-42), the time required to schedule and conduct a hearing (See *Donalson* 64 Ill. 2d 536, 542; *People v. Kemp* (1977), 49 Ill. App. 3d 270, 274; *People v. Brown* (1976), 40 Ill. App. 3d 1003, 1007) and the time needed to consider and decide the issues raised (See *People v. Hairston* (1973), 10 Ill. App. 3d 678, 683).

In the instant case, it is the court's rescheduling on its own motion that defendant asserts is not his responsibility and not chargeable to him.

As a general rule, the ultimate responsibility for delays caused by crowded dockets and prosecutorial case loads rests with the government and not the defendant. (*Barker v. Wingo* (1972), 407 U.S. 514, 531, 33 L. Ed. 2d 101, 117, 92 S. Ct. 2182, 2192.) However, the defendant cannot escape some responsibility where his actions cause, or where he concurs with the rescheduling. A review of the record indicates that defense counsel attended each of the pretrial court sessions; that he generally prepared the drafts of all court orders in the case except the two typewritten orders issued by the court encompassing the critical rescheduling by the court on its own motion. However, copies of those orders were sent to both parties and an examination of those orders discloses that each contained, as a part of the order, the court's admonishment to both the State and the defendant, that, "if the reset date is inconvenient for counsel, please advise the court." The record further reveals that neither the State's Attorney nor the defendant's attorney ever advised the court that the rescheduled dates were inconvenient or otherwise objectionable. The failure to respond to such an admonishment by the court or to take any affirmative action, including objecting to the rescheduling or renewing the speedy trial demand, constitutes an implicit agreement for the continuances and tolls the running of the term period, under section 103—5(b), for the duration of the continuances.

■■ In addition, under the facts and circumstances of this case, we see no reason to criticize the defendant's trial attorney for acceding to the court's rescheduling of the case. Since the defendant was on bail, there is no indication that his interests were in any way prejudiced by the additional trial delay. Had defendant requested an earlier trial, the court would have accommodated him. Accordingly, we find no evidence of incompetency of counsel in failing to move for discharge under section 103—5(b).

■■ We have also carefully examined the record in light of defendant's contention that certain evidence was improperly admitted and that such is further indication of his counsel's incompetence. At best, we find that some evidence was received which counsel could have objected to; however, any error in failing to object was clearly an error of judgment or trial strategy and does not establish incompetency of counsel. *People v. Murphy* (1978), 72 Ill. 2d 421, 437.

■■ Finally, defendant charges that the trial court committed prejudicial error when it allowed hearsay testimony to be admitted. Defendant has not raised this issue as a ground for ineffective assistance of counsel; nor did he file a post-trial motion alleging the admission of hearsay testimony as prejudicial error warranting a new trial. The failure to file a post-trial motion constitutes a waiver of the error now raised on appeal. (*People v. Knowles* (1979), 76 Ill. App. 3d 1004, 1008.) However, even if not waived, we find that admission of the hearsay evidence, which defendant contends constituted prejudicial error, was harmless. The court permitted a State's witness to testify that, on the day the incident took place, he overheard a conversation between co-defendant Parker and Parker's wife wherein Mrs. Parker related that defendant DeCarlis told her that he would meet Parker "over at the high school." While that testimony was hearsay and the trial court did err in admitting it, the evidence of defendant's guilt presented in this case was overwhelming; therefore, the admission of a single hearsay statement concerning defendant's plan to meet co-defendant at the high school could not have affected the jury's verdict. Thus, any error in admitting the hearsay evidence was harmless beyond a reasonable doubt and does not require reversal. See *People v. Gill* (1973), 54 Ill. 2d 357, 368-69, *cert. denied* (1974), 414 U.S. 1144, 39 L. Ed. 2d 100, 94 S. Ct. 897; *People v. Kneller* (1980), 83 Ill. App. 3d 325, 330.

Accordingly, the judgment and sentence of the circuit court of the Eighteenth Judicial Circuit, Du Page County, is affirmed.

Affirmed.

WOODWARD and NASH, JJ., concur.