THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES A. CALLAHAN, Defendant-Appellant.

Second District  No. 80-260

Opinion filed April 30, 1981.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Following a jury trial defendant, James A. Callahan, was found guilty of aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(6)) and sentenced to a term of two years imprisonment. He appeals assigning as his sole claim of error that the failure of his court-appointed attorney to move for discharge under the speedy trial act (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a)) denied him the effective assistance of counsel. We do not agree and affirm.

In order for a defendant to prevail on a claim of ineffective assistance of court-appointed counsel, he must establish actual incompetence on the part of counsel in carrying out his duties as a trial attorney which results in substantial prejudice to defendant without which the outcome would probably have been different (*People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233; *People v. Hills* (1980), 78 Ill. 2d 500, 401 N.E.2d 523; *People v. Goerger* (1972), 52 Ill. 2d 403, 288 N.E.2d 416; *People v. Neeley* (1980), 90 Ill. App. 3d 76, 412 N.E.2d 1010). Defendant urges this court to abandon this standard and adopt the "minimum level of professional representation" rule followed by the Seventh Circuit and certain other Federal circuits (*United States ex rel. Williams v. Twomey* (7th Cir. 1975), 510 F.2d 634, *cert. denied sub nom. Sielaff v. Williams* (1975), 423 U.S. 876, 46 L. Ed. 2d 109, 96 S. Ct. 148; *United States v. Bosch* (1st Cir. 1978), 584

F.2d 1113; *Cooper v. Fitzharris* (9th Cir. 1978), 586 F.2d 1325, *cert. denied* (1979), 440 U.S. 974, 59 L. Ed. 2d 793, 99 S. Ct. 1542.) The Illinois Supreme Court has declined, however, to adopt the Seventh Circuit's rule with respect to a privately retained attorney (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677), and this court recently declined to do so unless the supreme court indicates otherwise (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 410 N.E.2d 677). Similarly, since our supreme court continues to apply the same test with respect to court-appointed counsel (*e.g., People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233), we will evaluate trial counsel's asserted incompetence in the present case under the more strict test set forth above.

■■ The right to discharge under the speedy trial act (Ill. Rev. Stat. 1979, ch. 38, par. 103—5) is waived unless a motion for discharge is made prior to conviction (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 410 N.E.2d 677; *People v. Gibson* (1975), 30 Ill. App. 3d 555, 333 N.E.2d 549). Defendant bases his claim of ineffective assistance of counsel solely on his trial counsel's failure to present a motion for discharge under the Act, and cites *People v. Morris* (1954), 3 Ill. 2d 437, 121 N.E.2d 810, in support of his contention. In that case the court, however, reviewed the entire record which disclosed that the public defender not only failed to move for discharge under the speedy trial provision despite his knowledge that the defendant was incarcerated for a period in excess of four months, but also failed to adequately prepare the case for trial. In holding that defendant was denied effective assistance of counsel, the court reasoned that:

> "Assuredly, a competent attorney might, due to his concentration of efforts or otherwise, overlook the statute's applicability to a particular factual situation or be mistaken regarding said application. However, where the omission is coupled with meagre preparation and scant attention to the case, as shown here by the attorney's own testimony at the hearing, such failure can not be written off as a mere error in judgment." (3 Ill. 2d 437, 452-53, 121 N.E.2d 810, 819.)

Thus, the failure of an attorney to move for discharge is not *per se* the denial of effective assistance of counsel. (*People v. Gibson* (1975), 30 Ill. App. 3d 555, 333 N.E.2d 549.) Instead, as noted in *Morris*, it is only when there are other factors demonstrating actual incompetence of trial counsel coupled with the failure to move for a discharge that a defendant is denied effective assistance of counsel.

In the present case defendant has failed to direct our attention to any trial errors or omissions of counsel, other than the failure to move for discharge. An examination of the record establishes that trial counsel outlined the case to the jury in her opening statements, that she objected to testimony presented by the State and on numerous occasions the court

sustained the objections, that she cross-examined the prosecution witnesses and competently presented defendant's defense to the jury. The record also indicates that the court sustained defense counsel's objections to jury instructions tendered by the State and a number of defendant's jury instructions were presented to the jury. Unlike the situation in *Morris*, the record in the instant case does not suggest lack of preparation or scant attention to the case by defense counsel.

Moreover, in *Morris*, it was clear that a timely motion for discharge would have been granted. In the present case, however, it would not have been unreasonable for a competent trial counsel to conclude, and we think correctly so, that a motion for discharge would have been futile. The record discloses that defendant was taken into custody on November 9, 1978, and that he was brought to trial on May 2, 1979. The parties agree that the term would have expired on March 8, 1979, had defendant not been granted a continuance from February 26 until April 9. On April 9, the date set for trial, defendant commenced to enter a plea of guilty but expressed some misgivings when the court informed him during its admonishment that the court was not bound to accept the State's recommendation that defendant be sentenced to 18 months work release, and the cause was then further continued at defendant's request until April 12. These delays clearly are attributable to defendant. (See *People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776.) When the hearing resumed on April 12, the parties and the court concluded defendant had not actually entered a guilty plea, but was pleading not guilty and trial was set for April 30, which was then the last day of the 120-day period. The cause was not reached on April 30 because of a crowded docket, and trial commenced May 2, which defendant contends was 122 days after he was taken into custody, entitling him to discharge.

■■ Based on the record, we cannot conclude that a motion for discharge would have been granted, if made. While a defendant is not responsible for delays caused by a crowded docket (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 410 N.E.2d 677), he must bear the blame for delay where, as in the present case, his actions cause a postponement of his trial. Had defendant not interposed his aborted attempt to enter a guilty plea on April 9, he would have been tried that day, and on April 12 both court and counsel were still uncertain whether defendant wished to enter a plea of guilty or be tried. April 30 was selected for trial only because defendant was not prepared to either plead guilty or go to trial on April 9 or 12, and he must therefore bear the responsibility for the delay. Defense counsel's failure to move for discharge under these circumstances does not suggest incompetence and did not deprive defendant of effective assistance of counsel. (See *People v. Gibson* (1975), 30 Ill. App. 3d 555, 333 N.E.2d 549.) Defendant was entitled to competent, not perfect or successful

representation (*People v. Posey* (1980), 83 Ill. App. 3d 885, 404 N.E.2d 482), and he has not carried his burden of establishing substantial prejudice resulting from the professional conduct of his attorney.

For the foregoing reasons, defendant's conviction and sentence for aggravated battery is affirmed.

Affirmed.

HOPF and UNVERZAGT, JJ., concur.