(No. 54140.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WAYNE PEARSON et al. (Stephan Williams, Appellee).

*Opinion filed November 13, 1981.—Rehearing
denied January 29, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and Bernard Carey and Richard M. Daley, State's Attorneys, of Chicago (Melbourne A. Noel, Jr., and Mark L. Rotert, Assistant Attorneys General, of Chicago, and Marcia B. Orr, Iris E. Sholder, Christine A. Campbell, and Adrienne Noble Nacev, Assistant State's Attorneys, of counsel), for the People.

Sam Adam, of Chicago, for appellee.

JUSTICE RYAN delivered the opinion of the court:

Stephan Williams and Wayne Pearson were each charged in the circuit court of Cook County with three counts of armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2). Both defendants were convicted on all three counts following a bench trial where they acted as counsel for themselves. Pearson was sentenced to a term of not less than 10 years but not more than 14 years, while Williams received a sentence of not less than 9 but not more than 13 years. On appeal, the appellate court found that Williams had not been placed on trial within 120 days of his arrest and was entitled to release on that basis under the speedy trial provisions of the Code of Criminal Procedure of 1963. The appellate court affirmed Pearson's conviction. (*People v. Pearson* (1980), 88 Ill. App. 3d 616, 620.) Pearson is not involved in this appeal. We granted the State's petition for leave to appeal as to Williams. 73 Ill. 2d R. 315(a).

During the pendency of Williams' (defendant's) case, the trial court, in entering orders of continuance, charged the delays to the defendant. The appellate court held that these delays were not properly charged to the defendant, that he had not been brought to trial within 120 days from the date of his incarceration as required by statute, and that he was entitled to be discharged (Ill. Rev. Stat. 1977, ch. 38, par. 103—5). The defendant's argument in this court focuses on whether the provisions of this statute have been violated and whether the continuances were properly charged to the

defendant. The controlling issue in this case is not whether the continuances were properly charged to the defendant. As noted later we find that the defendant was incarcerated for more than 120 days contrary to the statute. However, we need not consider the various continuances to determine whether the running of the statutory period was tolled. The controlling issue in this case is waiver. Although the defendant insisted on going to trial and objected to his attorney's motions for continuances, at no time before trial or during trial did the defendant move that he be discharged because of a violation of the speedy trial statute. Since the speedy trial issue was not raised prior to trial it was waived, and the defendant is precluded from raising it.

Although the public defender represented defendant during most of the pretrial proceedings, on September 14, 1977, the public defender was permitted to withdraw as counsel and the defendant proceeded *pro se.* The public defender was permitted to remain in the case as standby counsel for the purpose of advising the defendant should he so request. A jury trial commenced on January 9, 1978. After rather a lengthy jury selection a conference was held in the judge's chambers attended by the defendant, the prosecutor, and standby defense counsel. The defendant then executed a jury waiver, and trial was had before the court with the defendant representing himself. Following conviction, pursuant to defendant's request, the public defender was appointed to represent him at the sentencing hearing. Also, after sentencing, in response to an inquiry by the court, defendant asked to have an attorney represent him for purposes of presenting post-trial motions and processing an appeal. The court again appointed the public defender, who made oral motions for a new trial and for arrest of judgment. These motions were general in nature and specified no grounds in support thereof. The State made no objections to the form of the motions. Following a denial of the motions, a notice of appeal was filed. There-

after on October 5, 1978, the public defender was permitted to withdraw as counsel on appeal and a private attorney entered his appearance.

About eight months after the defendant's direct appeal from his conviction was docketed in the appellate court, the same private counsel who entered his appearance in that appeal filed on behalf of the defendant in the trial court a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) alleging certain constitutional violations, including a violation of the right to speedy trial. The petition was dismissed on motion of the People without an evidentiary hearing. The court concluded that the violation, if any, was of the statutory provisions requiring that the defendant be brought to trial within 120 days after his incarceration (Ill. Rev. Stat. 1977, ch. 38, par. 103—5) and not a constitutional violation. Although the record in the post-conviction proceeding shows that a notice of appeal was filed from the court's ruling, a review of that judgment is not a part of this appeal. After the entry of this judgment in the trial court the appellate court, in the direct appeal case, entered an order on July 5, 1979, allowing the defendant to file an additional record on appeal, and on the same date the record of the post-conviction proceedings was filed in this case.

It appears from the colloquy between counsel during the argument of the State's motion to dismiss the defendant's petition for a post-conviction hearing that defendant's counsel filed the post-conviction proceeding to preserve issues for review that might otherwise be considered waived for failure to raise them in the trial court. We find the belated attempt to supplement the record on appeal insufficient to offset the clear waiver of the violation of the 120-day statute.

In the post-conviction petition and in this court defendant contends he was deprived of the right to represent himself, citing *Faretta v. California* (1975), 422 U.S. 806, 45

L. Ed. 2d 562, 95 S. Ct. 2525. Actually, the defendant was permitted to represent himself and conducted his own defense at the trial. The gist of defendant's argument is that before the public defender withdrew as counsel certain continuances requested and agreed to by the public defender over the defendant's objections and in spite of his demand for trial should not be charged to him. He contends that since he insisted on trial and did not want a continuance his request and not his attorney's should control. For this reason he argues that the running of the 120-day statutory period was not tolled and that to hold otherwise would deprive him of his right to represent himself.

A fair appraisal of the proceedings on July 20, August 19, and August 29, 1977, in this case, reveals that defendant clearly and convincingly attempted to assert his right to discharge his attorney and proceed to an immediate trial. There can be no question but that the defendant was asserting his readiness to proceed. We recognize that the public defender may not have been prepared for trial due to defense motions which were pending or a continuing search for witnesses. However, under these circumstances, where the defendant objects to his attorney's request for or acquiescence in a continuance by employing such terms as "I'm ready for trial," "Forget the motion," and "you are not my attorney *** I'm ready for trial," any continuance thereafter granted is not properly attributable to the accused. Also, with respect to the August 11, 1977, proceeding the record does not disclose that the defendant was present when the public defender requested a continuance. Under the facts of this case it is clear that, had defendant been in court, he would not have acquiesced in this delay either.

While we agree that these continuances should not have been charged to the defendant, we do not accept the conclusion he reaches concerning his right to be released. Section 103—5 of the Code of Criminal Procedure of 1963 provides in part:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 103—5.)

This court has pointed out that section 103—5 is to be construed liberally so as to give effect to the constitutional right to a speedy trial, and each case is to be decided on its own facts. (*People v. Fosdick* (1967), 36 Ill. 2d 524, 528-29.) However, the right conferred by the statute is not absolute in the sense that the mere passage of time ousts the court of jurisdiction to try the accused and makes his release mandatory. (*People v. Moriarity* (1966), 33 Ill. 2d 606, 609; *People v. Morria* (1954), 3 Ill. 2d 437, 442; *People v. Utterback* (1944), 385 Ill. 239, 243.) Further, it was long ago established that the right to discharge granted by the statute was waived if not asserted by the defendant prior to conviction. *People v. Stahl* (1962), 26 Ill. 2d 403, 405; *People v. Walker* (1958), 13 Ill. 2d 232, 235; *People v. Morris* (1954), 3 Ill. 2d 437, 441-42.

Also, section 114—1 of the Code of Criminal Procedure of 1963 provides:

"Motion to Dismiss Charge.

(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

(1) The defendant has not been placed on trial in compliance with Section 103—5 of this Code;

* * *

(6) The court in which the charge has been filed does not have jurisdiction;

* * *

(8) The charge does not state an offense;

* * *

(b) The court shall require any motion to

dismiss to be filed within a reasonable time after the defendant has' been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor, except as to subsections (a)(6) and (a)(8) of this Section, are waived." (Ill. Rev. Stat. 1977, ch. 38, pars. 114—1(a)(1), (a)(6), (a)(8), (b).)

Thus, by statute it is specifically provided that a violation of the provisions of section 103—5 of the Code relating to speedy trial is waived unless a motion for discharge is made prior to trial.

The appellate court found that the defendant had preserved the issue by the general oral motion for a new trial and for arrest of judgment made by the public defender following sentencing. The appellate court properly noted that, although post-trial motions are required by statute to be in writing specifying the grounds therefor (Ill. Rev. Stat. 1977, ch. 38, pars. 116—1, 116—2), a general oral motion to which the State does not object will preserve for review all errors which appear properly preserved in the record even though not specified in the oral post-trial motion. (*People v. Whttehead* (1966), 35 Ill. 2d 501, 503-04.) The appellate court held that the requirements of sections 114—1(a) and (b) of the Code of Criminal Procedure of 1963 set forth above have been modified by judicial decision. The appellate court in this case stated that the motion for discharge based on a denial of a speedy trial can be made before conviction or in a post-trial motion, citing *People v. Taylor* (1965), 32 Ill. 2d 165, and *People v. Glanton* (1975), 33 Ill. App. 3d 124. In *Taylor* this court, in disposing of the defendant's contention that he was denied a speedy trial, stated:

> "[T]he record discloses that the issue was never presented to the trial court, *either* by a motion prior to trial *or* in the post-trial motion." (Emphasis added.) (32 Ill. 2d 165, 168.)

In *Glanton* the court, citing *Taylor,* stated:

"[A]ny right to a Fourth Term discharge must be asserted prior to conviction *or* in a post-trial motion." (Emphasis added.) (33 Ill. App. 3d 124, 144.)

The statement in *Taylor* has been construed too broadly by the appellate court in this case and by the appellate court in *Glanton.* The *Glanton* court, in support of its statement, also cites *People v. Browry* (1972), 8 Ill. App. 3d 599. However, the appellate court in *Browry* held that the defendant had waived his right to be discharged, stating:

"It is well settled that a defendant who wants the benefit of the 120-day statute must make application for discharge *before he is convicted."* (Emphasis added.) 8 Ill. App. 3d 599, 602.

This court in *Taylor,* in support of its holding, cited *People v. Morris* (1954), 3 Ill. 2d 437. In *Morris,* however, this court stated plainly that the right to discharge under the statute "is waived where there is a failure to raise the question *prior to conviction."* (Emphasis added.) 3 Ill. 2d 437, 442.

In *People v. Walker* (1958), 13 Ill. 2d 232, this court had before it the question with which we are now concerned. In that case the defendant failed to move for discharge under the speedy trial statute prior to his conviction. After conviction the defendant, in his post-trial motion, raised the question of the failure to bring him to trial within four months after his arrest. The court held that the issue had been waived where the defendant had failed to raise it *prior to conviction.* (13 Ill. 2d 232, 235.) The *Walker* court, as did the *Taylor* court, cited *People v. Morris* (1954), 3 Ill. 2d 437. This court in *Taylor* did not refer to *Walker* and did not overrule it. The issue before the court in *Taylor* was not whether the question of speedy trial could be raised in either a preconviction or post-conviction motion, and the court did not hold that it could.

It is interesting to note that *People v. Bonds* (1965), 32 Ill. 2d 94, was an opinion filed on the same day that the opinion in *People v. Taylor* was filed. In *Bonds* this court,

citing *Walker*, held that the speedy trial issue was waived where the defendant did not bring the question to the attention of the trial court by appropriate motion *prior to conviction*. Plainly, it was not the intention of *Taylor* to overrule *Walker*. In *People v. Gibson* (1975), 30 Ill. App. 3d 555, 558, the appellate court held, citing numerous decisions of this court, that the "motion for discharge asserting a denial of a speedy trial must be made *before* conviction in the court in which the indictment is pending." (Emphasis in original.)

It appears that prior to the adoption of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1963, ch. 38, par. 100—1 *et seq.*) there was no statutory requirement that a motion for discharge be filed prior to trial as is now contained in section 114—1 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 114—1). The procedure for obtaining discharge prior to the Code of Criminal Procedure had been developed through case law. (See 1 B. Stanton, Illinois Criminal Law and Practice § 977, at 348-49 (1955).) The cases that developed the procedure held that the application for discharge must be made *prior to conviction*. However, under section 114—1 of the Code of Criminal Procedure it is required that the motion be made *prior to trial*.

We conclude that the holding of the appellate court that the speedy trial issue need not be brought to the trial court's attention before trial but may be raised for the first time in a post-trial motion is in error. Such a holding is contrary to the express language of section 114—1 of the Code of Criminal Procedure quoted above, which requires that the motion for discharge be made *prior to trial*. It is also contrary to the case law as heretofore pronounced and applied by this court. We accordingly reverse the judgment of the appellate court as to the defendant Williams and affirm his conviction by the circuit court of Cook County.

*Appellate court reversed;*
*circuit court affirmed.*