THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID J. HUBBARD, Defendant-Appellant.

Fifth District   No. 5—85—0560

Opinion filed October 9, 1986.

Randy E. Blue and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Barbara Adams, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Kim G. Noffke, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Following a jury trial in Montgomery County on December 20, 1983, the defendant was found guilty of two counts of driving under the influence of alcohol. In the defendant's first appeal in this case, the issue was whether failure of the public defender to move for discharge under the speedy trial provision of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5) when 160 days passed without any delay occasioned by defendant denied defendant effective assistance of counsel. In a disposition filed pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23), this court remanded the cause for determination on whether any delay in bringing defendant to trial was attributable to defendant. (*People v. Hubbard* (1985), 131 Ill. App. 3d 1175.) Following remand, the circuit court held a hearing on July 8, 1985. The circuit court entered an order on July 12, 1985, finding that the time elapsed between September 2, 1983, and November 2, 1983, was chargeable to the defendant and that the statutory period did not run prior to the time defendant was brought to trial. From that order, defendant appeals to this court a second time. In this appeal defendant raises the issues of whether he was denied effective assistance of counsel when counsel failed to file a motion for discharge based on his right to speedy trial and whether the trial court abused its discretion in finding that the delay between September 2 and November 2 was attributable to defendant. We affirm.

On May 31, 1983, defendant was charged by information with two counts of driving under the influence of alcohol. On June 13, 1983, the public defender entered her appearance and filed a written demand for a speedy trial. The trial court arraigned defendant on June 22, 1983, set pretrial for September 2, 1983, and set a jury trial for September 22, 1983. During the pretrial hearing of September 2, the following exchange took place:

"The Court: 83—TR—2950 and 51, People versus David Hubbard.

Ms. Zeman [public defender]: Your Honor, there is no plha [*sic*] to present to the court. We're ready to proceed with a trial

on this case.

The Court: Set on the same date, I guess, wasn't it?

Clerk: Yes.

Ms. Zeman: Is there something the court does about setting the priority as to the cases that go that day?

The Court: You will have to talk to the Judge who is going to do the trial work.

Ms. Zeman: Okay.

Mr. Graham: [Assistant State's Attorney]: Hopefully, we'll be trying them from the oldest case to the newest case. My guess is this is not one of the oldest ones that is going to be tried on the 20th. I doubt if it will actually go on the 20th.

The Court: You want a specific date is that what you want?

Ms. Zeman: That would be helpful since that is part of the pretrial process. That is advantageous at this point.

The Court: We can set them first on the next one, can't we? We will do that. How will that be?

Mr. Graham: That is all right. The only problem I see if there are other jury trials set on that date might be one older than this one.

The Court: We'll set this first and it will go first.

Clerk: September 21st then?

Mr. Graham: Wouldn't be able to be in the month of September. There are already cases that will be going to trial on the three days we have jury trial.

The Court: What do you have in October?

Mr. Graham: Have the 31st, November 1 and November 2.

The Court: What day you want that set.

Mr. Graham: Any one of those days is fine.

Ms. Zeman: Jackie Gray is set for October 31.

The Court: All right. Put this one down first. It will go on November 2. First case.

When the parties appeared in court on November 2, the case was continued until December 20, or 28, 1983, because no jury-trial judge was available. The record does not reflect that on November 2 either the defendant or his attorney sought a continuance or affirmatively agreed to the delay. To the contrary, defense counsel again announced ready for trial. Defendant's case proceeded to a jury trial on December 20, 1983, 190 days after the defendant's written demand for a speedy trial was filed. No motion to dismiss for want of speedy trial was filed by counsel prior to trial and no objection was made in the post-trial motion filed on January 9, 1984. The jury found defendant

guilty on both counts and the court sentenced the defendant on January 12, 1984. As stated earlier, defendant appealed, and this court remanded the case for a hearing to determine whether any delay in bringing defendant to trial was attributable to him.

On July 8, 1985, the circuit court held a hearing to determine if any delay was chargeable to the defendant. The State stated, without objection by counsel for defendant, that, on September 2, the suggested date of October 31 for trial was not practical because another case in which she was counsel was set for trial. The court set the date for November 2. On November 2 the case was continued to December 20 because no trial judge was available. At the end of the hearing the court took the case under advisement. The docket sheet entry for July 12, 1985, reveals that the circuit court's order stated:

"This matter, taken under advisement on 7/8/85, is decided as follows: On 6/22/83, the pretrial was set for 9/2/83 & the jury trial for 9/20/83. At the pretrial, defense counsel initiated a discussion about the priority of cases to be tried on 9/20. When informed that it might not be the first case on the call, she indicated in response to the court's question that she would prefer a specific date on which the case would be first on the call. The Court accommodated her by placing it first on call on 11/2 & by not setting it on 10/31 when she had another trial. The Court finds that the defendant occassioned [sic] the delay from 9/20 trial date by requesting a date on which the case could be first on the call and by concurring with the rescheduling. The time elapsed between 9/2 and 11/2 is chargeable to the Defendant and therefore the statutory period did not run prior to the time Defendant was brought to trial. Clerk to send copy of this docket entry to counsel."

It is from this order that the defendant appeals.

■ Defendant contends that he was denied effective assistance of counsel when counsel failed to file a motion to discharge for want of a speedy trial. To support his claim, the defendant must demonstrate on appeal that a timely motion for discharge prior to trial clearly would have been granted had it been made. (*People v. Morris* (1954), 3 Ill. 2d 437, 452-53, 121 N.E.2d 810, 819; see *People v. Callahan* (1981), 95 Ill. App. 3d 479, 481-82, 420 N.E.2d 781, 789-90; *People v. Gibson* (1975), 30 Ill. App. 3d 555, 558-59, 333 N.E.2d 549, 552-53.) Counsel's failure to seek discharge under the speedy-trial provision is not *per se* denial of effective representation. Where the delay could be attributed to the defendant and it is not clear that a motion for discharge would have been granted, counsel's failure to file such a motion does not it-

self rise to ineffective assistance. (*People v. Callahan* (1981), 95 Ill. App. 3d 479, 420 N.E.2d 781; *People v. Gibson* (1975), 30 Ill. App. 3d 555, 333 N.E.2d 549.) Thus where it cannot be discerned from the record on appeal whether portions of the delay are properly chargeable to the defendant or to the State (*People v. Reimolds* (1982), 92 Ill. 2d 101, 107, 440 N.E.2d 872, 875), defense counsel's failure to move for a discharge did not deprive the defendant of effective representation (*People v. Gibson* (1975), 30 Ill. App. 3d 555, 559, 333 N.E.2d 549, 553). That failure must be coupled with another factor demonstrating actual incompetence. *People v. Morris* (1954), 3 Ill. 2d 437, 121 N.E.2d 810; *People v. Callahan* (1981), 95 Ill. App. 3d 479, 420 N.E.2d 781; *People v. Gibson* (1975), 30 Ill. App. 3d 555, 333 N.E.2d 549.

■ On appeal, this court cannot presume the existence of error which is not affirmatively shown on the record. (*People v. Harrell* (1982), 104 Ill. App. 3d 138, 143, 432 N.E.2d 1163, 1167.) These cases establish a two prong test for this court in reviewing such cases. This court must find that (1) such a motion would have been granted and (2) that failure to move for discharge was coupled with other factors demonstrating actual incompetence.

■ For the first prong, this court remanded the first appeal because the record did not reveal that such a motion would have been granted. At the hearing on remand, the trial court heard evidence from both counsels regarding the pretrial proceeding on September 2, 1983. From that hearing, this court finds that the evidence supports the trial court's findings that the delay in question was attributable to the defendant and that the motion would not have been granted. As this court stated in its previous order:

"While a defendant is not responsible for delays caused by a crowded docket, the defendant cannot escape some responsibility where his actions cause, or where he concurs with the rescheduling. (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 638, 410 N.E.2d 672, 680.) A delay is considered 'occasioned by the defendant' if the defendant's acts in fact caused or contributed to the delay (*People v. Donalson* (1976), 64 Ill. 2d 536, 541, 356 N.E.2d 776, 778) or where he has expressly agreed to a continuance on the record (*People v. Cunningham* (1979), 77 Ill. App. 3d 949, 952, 396 N.E.2d 876, 878). However, mere silence on the part of the defendant does not amount to an agreement or to a waiver of his right to a speedy trial when the court sets the trial for a date beyond the statutory period (77 Ill. App. 3d 949, 396 N.E.2d 876) or where the cause is continued, on the

court's own motion, to a date beyond the statutory period (*People v. Reimolds* (1981), 100 Ill. App. 3d 598, 600, 426 N.E.2d 1234, 1237, *rev'd on other grounds* (1982), 92 Ill. 2d 101, 440 N.E.2d 872). Where a delay in trial is occasioned because the defendant's counsel is engaged elsewhere, the delay is properly charged to the defendant. *People v. Cichanski* (1980), 81 Ill. App. 3d 619, 621, 401 N.E.2d 1315, 1316; *People v. Hairston* (1970), 46 Ill. 2d 348, 354, 263 N.E.2d 840."

When this court has remanded a cause for a hearing to decide whether a delay was attributable to the defendant, this court will uphold the trial court's decision unless there is a clear showing of abuse of discretion. Further this court will give much deference to the trial court's judgment, especially where it is difficult to discern from the record which party is primarily responsible for the delay. (*People v. Reimolds* (1982), 92 Ill. 2d 101, 440 N.E.2d 872.) This court does not find that the trial court abused its discretion.

■ The record reveals that it was defense counsel's question regarding the priority of cases to be tried on September 20, 1983, and defense counsel's indication that it would prefer a specific date upon which the case was certain to go to trial which changed the trial date to the setting of October 31 to November 2. It was her express dissatisfaction with the September 22 setting which initiated the discussion of a new setting. However, defense counsel stated that there was a problem with October 31 because another client of hers had a trial set for that day. Thus, the court set trial for November 2. Defense counsel did not object to the new setting. In this case, defendant's trial date was reset to accommodate defense counsel, not the court or the State. The record does not reveal that either the trial court or the State's Attorney had a problem with the original September 22 setting of the trial date. Thus, the trial court did not abuse its discretion when it found that the delay in question was attributable to the defendant.

■ Next, this court reviews the other part of the test, which is whether that failure is coupled with other factors demonstrating actual incompetence and, as such, gives the defendant a complaint regarding ineffective assistance of counsel.

This court finds that the defendant does not raise any grounds to support his claim that he received ineffective assistance of counsel other than counsel's failure to move for discharge under the speedy trial act. Therefore, one of the two requirements in *People v. Morris* has not been met. Most importantly, the defendant concedes that counsel was not generally ineffective. Thus, this court finds that coun-

sel's failure to move for discharge was due to her assessment of that action, especially since this court finds that the motion was not likely to be granted. Further, it is not incompetence for counsel to refrain from raising issues which, in her judgment, are without merit unless her appraisal of the merits is patently wrong. (*People v. Barnard* (1984), 104 Ill. 2d 218, 230-31, 470 N.E.2d 1005, 1009.) Since the record reveals that the motion would not have been granted, counsel was not ineffective in failing to file such a motion, especially where there are no other factors demonstrating actual incompetence.

For the foregoing reasons, this court affirms the verdict of the Montgomery County jury.

Affirmed.

KARNS and HARRISON, JJ., concur.