THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT W. PAULSGROVE, Defendant-Appellee.

Third District   No. 3—88—0032

Opinion filed February 7, 1989.

Greg McClintock, State's Attorney, of Monmouth (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Robert W. Paulsgrove, was indicted in the circuit court of Warren County on the charge of obstruction of justice. The defendant filed a petition for discharge based on a violation of his statutory right to a speedy trial. The trial court granted the petition and ordered the charge against the defendant dismissed. It is from this order that the State appeals.

On June 2, 1987, the defendant filed a demand for a speedy trial. On July 27, 1987, a bill of indictment was returned charging the

defendant with obstruction of justice. The next day notice was sent to defense counsel informing him of the arraignment scheduled for August 5, 1987. The defendant appeared with counsel on August 5 but refused to be arraigned until he was provided with discovery. The defense counsel argued that should the defendant be arraigned that day he would be forced to waive any defects in the indictment or in the indictment process. The State asked the trial court judge to proceed with arraignment or to continue the case on the defendant's motion. On that same day, the trial court judge granted the continuance on the court's own motion.

On August 6, 1987, the defendant filed a motion for discovery. On August 12, 1987, an order was entered granting the defendant's motion and giving the State 21 days to provide the defendant with discovery. On August 25, 1987, the State filed a response to the defendant's motion for discovery and the case was set for arraignment on September 16, 1987. On September 9, 1987, the defendant filed a motion for additional discovery which was subsequently granted. On September 16, 1987, the defendant appeared with counsel, pleaded not guilty and demanded a jury trial. On October 26, 1987, the defendant filed a second motion for additional discovery which was also granted. On November 16, 1987, a pretrial hearing was held and the case was placed on the December 1987 jury trial calendar. On November 19, 1987, the State filed a motion for discovery which was granted. On December 2, 1987, the defendant filed a response to discovery. The next day, the defendant filed a motion to dismiss alleging that more than 160 days had elapsed since he filed his motion for a speedy trial on June 2. Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).

On December 23, 1987, a hearing was held on the defendant's motion to dismiss. The prosecutor argued that the defendant's refusal to be arraigned on August 5 resulted in a continuance of the arraignment until September 16, a delay of 42 days. The prosecutor further argued that the defendant had no right to discovery prior to arraignment and that the delay resulting from the defendant's refusal to be arraigned was time chargeable to the defendant, thereby tolling the speedy trial statute for a period of 42 days.

The defendant argued that, under Illinois law, upon arraignment he would waive any defects in the indictment process. He further argued that the discovery rules become applicable following indictment and therefore he was entitled to discovery before arraignment.

The trial court granted the defendant's motion, discharging the defendant. The court characterized the delay caused by the defendant's refusal to proceed without discovery as a simple discovery re-

quest, which "in and of itself" is not delay chargeable to the defendant.

On appeal, the State argues that the trial court erred in granting the defendant's motion to dismiss and in refusing to charge the defendant with the instant 42 days of delay. The State argues that although discovery rules become applicable after indictment, a defendant is not entitled to discovery before arraignment. The State also contends that a defendant is not entitled to discovery until he makes a written request for it.

■■ In determining whether the defendant has occasioned a pretrial delay, the criterion used is whether the defendant's acts in fact caused or contributed to the delay. (*People v. Nunnery* (1973), 54 Ill. 2d 372, 376, 297 N.E.2d 129, 130.) The defendant has the burden of affirmatively establishing a speedy trial violation. (*People v. Jones* (1984), 104 Ill. 2d 268, 472 N.E.2d 455.) A defendant's refusal to proceed may constitute delay occasioned by the defendant. *People v. Toolate* (1977), 48 Ill. App. 3d 1038, 363 N.E.2d 640.

■■ ■ We find that any delay occasioned by the defendant's refusal to proceed with arraignment should have been charged to the defendant. We are unaware of any cases which suggest that a defendant is entitled to refuse arraignment until discovery is carried out. The purpose of discovery is to prevent production of surprise evidence or testimony which would serve to prejudice the defendant's case at trial, not to prepare the defendant for pleading at the arraignment. (See *People v. Howard* (1984), 121 Ill. App. 3d 938, 460 N.E.2d 432.) Furthermore, the State is required to provide discovery only "upon written motion of defense counsel" (107 Ill. 2d R. 412(a)); the defendant presented no written motion prior to the initially scheduled arraignment.

■■ Additionally, we find no merit to the defendant's argument that if he had entered a plea to the indictment prior to discovery, he would thereby have waived any complaint about irregularities in the grand jury proceedings. Objections to grand jury proceedings which provide a basis for dismissing the charge are not waived upon a plea of not guilty; rather, they may be brought prior to trial, either before or after a plea has been entered. Ill. Rev. Stat. 1987, ch. 38, par. 114—1; *People v. Jameson* (1944), 387 Ill. 367, 56 N.E.2d 790.

The defendant contends on appeal that any delay attributable to him was at most 20 days and not 42 days as the State suggests. The defendant argues that only 20 days elapsed from the time he filed his discovery motion on August 6 until the State provided discovery on August 25. He argues that arraignment could have been set at this

time and any delay beyond this point should not be attributed to the defendant.

■ When a defendant files a pretrial motion, he is responsible for the time naturally associated with processing the motion. (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 410 N.E.2d 677.) A defendant cannot escape responsibility for delay where his action caused the rescheduling. *People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 410 N.E.2d 677.

■ In the instant case the defendant was responsible for the entire 42 days of delay. Obviously, a defendant who is out on bond must be given notice of criminal proceedings. (See Ill. Rev. Stat. 1987, ch. 38, pars. 110—10, 110—12.) Thus, when the State provided discovery on August 25, the 20th day of delay, it could not have expected that the defendant would appear on that day for arraignment. Instead, the State properly sent notice to the defendant of the arraignment, which was immediately scheduled for September 16. The entire 42-day delay was chargeable to the defendant.

For the foregoing reasons, the judgment of the circuit court of Warren County is reversed. We remand the cause to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

SCOTT and WOMBACHER, JJ., concur.